IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

irth Solutions, LLC,

        Plaintiff,

   v.

Windstream Communications, LLC,

        Defendant.

Case No: 2:16-cv-219

Judge Graham

<u>Opinion and Order</u>

    Plaintiff irth Solutions, LLC, a software provider, brings this action against defendant Windstream Communications, LLC, a former subscriber of plaintiff's software services. The action was removed from state court on the basis of diversity jurisdiction. Defendant now moves to dismiss three of the six claims asserted in the complaint.

**I.    Factual Allegations**

    Plaintiff provides software that assists in tracking "dig tickets," which are requests for utilities to mark the location of subsurface utility lines or assets. Defendant is a telecom provider with underground lines and cables in multiple states. Defendant first subscribed to plaintiff's software in 2007 to help it manage the dig tickets it receives and to comply with applicable state law.

    On August 8, 2012, plaintiff and defendant entered into an agreement whereby defendant subscribed to plaintiff's software for a three year period. The agreement covered an annual volume of 1,220,000 dig tickets for a yearly subscription cost of $239,031. Defendant had the ability at any time to monitor the number of dig tickets that had been generated during the subscription year. If the number of tickets exceeded the stated annual volume, then defendant owed an additional amount based on the number of ticket overages.

    On August 1, 2014, plaintiff billed defendant $51,000 for 339,025 ticket overages that occurred during the second year of the agreement. Defendant initiated negotiations to extend its subscription by eight months in consideration for plaintiff forgiving the overage charge, but the parties did not reach an agreement on the matter.

    On July 31, 2015, plaintiff billed defendant $46,163 for 307,758 ticket overages that occurred during the final year of the agreement. Upon defendant's promise to pay plaintiff for the services it

1

provided, plaintiff agreed to continue providing services to defendant beyond the July 31, 2015 termination date of the subscription in order to pursue negotiations to renew the subscription and resolve the overage charges.

The complaint alleges that even while negotiating with plaintiff to renew the subscription, defendant had already begun to install a competitor's software onto its systems and "used the extended time to mislead the Plaintiff into relying on Defendant's bad faith overtures that they would fully pay the Plaintiff for the ticket overages in one form of consideration or another." (Compl., ¶ 42).

On September 1, 2015, defendant canceled plaintiff's service. Plaintiff billed defendant in the amount of $18,973 for one-month's service beyond the termination of the agreement.

According to the complaint, defendant has not paid for the overages from the second and third years of the agreement and has not paid for the additional month of service in August 2015.

The complaint asserts claims for breach of contract, failure to pay on an account, unjust enrichment, promissory estoppel, fraud and violation of a license agreement. The last three claims are the subject of the motion to dismiss.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound

to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### A. Promissory Estoppel

Promissory estoppel is an equitable doctrine which enforces a party's right to rely on certain promises: "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." See Mers v. Dispatch Printing Co., 19 Ohio St. 3d 100, 104, 483 N.E.2d 150, 154 (Ohio 1985) (internal quotation marks omitted). In order to establish a claim for promissory estoppel, a party must establish the following elements: (1) a clear and unambiguous promise was made; (2) upon which it would be reasonable and foreseeable for the party to rely; (3) actual reliance on the promise; and (4) the party was injured as a result of the reliance. Weiper v. W.A. Hill & Assocs., 104 Ohio App.3d 250, 661 N.E.2d 796, 803 (Ohio Ct. App. 1995).

Defendant argues that the complaint fails to allege the first two elements of a promissory estoppel claim. Regarding the first element, defendant contends that the complaint does not identify a clear promise that it made to plaintiff. As to the second element, defendant contends that any promise allegedly made was so vague that no reasonable business would have relied on such a promise.

The court finds that the complaint sufficiently alleges a promissory estoppel claim. The parties' subscription agreement ended on July 31, 2015. At that time, defendant allegedly owed roughly $97,000 for ticket overages. The complaint alleges that defendant "promised to repay Plaintiff for the services furnished to Defendant at their request" and that plaintiff agreed to continue to provide service while the parties explored retiring the past due overages and entering into a new subscription period. (Compl., ¶ 67). A promise is defined as "'a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made.'" Stull v. Combustion Engineering, Inc., 72 Ohio App.3d 553, 557, 595 N.E.2d 504, 507 (Ohio Ct. App. 1991) (quoting Restatement of the Law, Contracts 2d (1981) 8, Section 2(1)). Here, the promise that the complaint identifies is defendant's promise to pay for plaintiff's services rendered after the termination of the agreement and while the parties were attempting to negotiate a new deal. See McCroskey v. State, 8 Ohio St.3d 29, 30, 456 N.E.2d 1204, 1205 (Ohio 1983) (a clear and unambiguous promise is one that the promisor would expect to induce reliance).

Defendant emphasizes that the complaint does not allege the amount of consideration that defendant would provide under its purported promise. At the pleading stage, the court finds that the complaint sufficiently alleges that the parties had just completed a three-year subscription period and that the rate by which defendant would pay plaintiff for services provided after July 31, 2015 could be reasonably determined by reference to the parties' course of dealing. See Nilavar v. Osborn, 137 Ohio App.3d 469, 487, 738 N.E.2d 1271, 1284 (Ohio Ct. App. 2000) (contract terms "'may be given precision by usage or trade or by course of dealing between the parties'") (quoting Restatement of Contracts 2d § 33, cmt. f).

The complaint also makes sufficient factual allegations to support the plausibility of plaintiff's reliance being reasonable. Defendant had been a client of plaintiff's since 2007. Wanting to retain its client's business and to recover as much of the past due overages as readily as it could, plaintiff made the good faith gesture of continuing to provide service to defendant on defendant's promise that it would pay for the continuation of service. Plaintiff did so for one month, a period of

time that the court views, again at the pleading stage, as reasonable in light of the allegations that the parties were attempting to negotiate a new deal during that period.

Accordingly, defendant's motion to dismiss the promissory estoppel claim is denied.

**B.     Fraud**

The elements of a claim for fraud under Ohio law are: (1) a representation, or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Gaines v. Preterm–Cleveland, Inc., 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 712 (Ohio 1987).

Federal Rule of Civil Procedure 9(b) requires that averments of fraud be stated with particularity. The Sixth Circuit requires a plaintiff, at a minimum, to allege the time, place and content of the alleged misrepresentation relied upon, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud. Coffey v. Foamex L.P., 2 F.3d 157, 161–62 (6th Cir. 1993). Allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made. Id. at 162.

Defendant argues that the complaint fails to allege fraud with particularity because the time, place and content of any misrepresentation are not alleged. The court concedes that this is a close call, but finds that the complaint does sufficiently allege fraud. The Sixth Circuit reads Rule 9(b)'s requirement of particularity "liberally" and in harmony with the policy favoring simplicity in pleading codified in Rule 8. Coffey, 2 F.3d at 161; Sanderson v. HCA–The Healthcare Co., 447 F.3d 873, 876 (6th Cir. 2006). The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, thus allowing the defendants to answer and address the plaintiff's claim of fraud in an informed manner. Coffey, 2 F.3d at 162; United States ex rel. Bledsoe v. Community Health Systems, Inc., 342 F.3d 634, 643 (6th Cir. 2003) (complaint should provide fair notice to defendants and enable them to prepare an informed pleading responsive to the specific allegations of fraud).

The complaint alleges that defendant promised to pay plaintiff for continued service while the parties attempted to negotiate a new deal and promised that the new deal would in some way resolve the past due overages. It is true, as defendant observes, that the complaint does not allege

5

which particular individual made the promise or when exactly it was made, but, under a fair reading of the complaint, plaintiff is alleging that a representative of defendant made the promise at some time proximate to when the subscription agreement ended. The complaint further alleges that defendant acted with the intent to deceive because when defendant made its promise, it intended to (and did) "utilize the negotiation time to secure and install competitive software" and never intended to pay plaintiff for the extended service or overages. (Compl., ¶ 77).

As with the promissory estoppel claim, defendant argues that complaint does not allege justifiable reliance. For the reasons stated above, the court finds that the complaint sufficiently alleges the element of justifiable reliance.

Accordingly, defendant's motion to dismiss the fraud claim is denied.

### C. Violation of a License Agreement

Plaintiff's final cause of action alleges that defendant "made malicious plans to enter into agreements with Plaintiff for products and services knowing that Defendant had the intention of misusing individual licenses and the violation [sic] of their contractually limited use." (Compl., ¶ 89). The complaint references a provision of the subscription agreement that granted plaintiff a license to use "Subscriber Data as necessary to provide the Services to Subscriber." (Master Services Agr., §4.3).

Defendant argues that the final cause of action is nonsensical in that the complaint alleges that defendant misused licenses, when in fact the license granted by the cited provision was for plaintiff to use defendant's data. In its response brief, plaintiff does not address this prong of defendant's motion to dismiss. The court agrees with defendant that the complaint does not state a plausible claim that defendant violated the license provision of the agreement. Defendant's only duty under the provision was to allow its data to be used; it was plaintiff who was granted a license by the provision. The complaint contains no allegation that defendant prevented its data from being accessed or used by plaintiff.

Accordingly, defendant's motion to dismiss the claim for a violation of a license agreement is granted.

### IV. Conclusion

For the reasons stated above, defendant's motion to dismiss (doc. 8) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to the claim for a violation of

a license agreement, but it is denied as to the claims for promissory estoppel and fraud.


                                                           s/ James L. Graham
                                                           JAMES L. GRAHAM
                                                           United States District Judge

DATE: January 25, 2017