IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRTH SOLUTIONS, LLC | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:16-cv-00219 |
| WINDSTREAM COMMUNICATIONS, LLC | : | Judge James L. Graham |
| Defendant. | : | Mag. Judge Kimberly A. Jolson |

KORTERRA, INC.'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

A.    **Introduction**.

KorTerra, Inc. ("KorTerra") is not a party to this litigation.  KorTerra is headquartered in Minnesota.  Although KorTerra has customers in Ohio, it maintains no office or employees in Ohio, and does not regularly conduct business in person in Ohio.  Affidavit of Don Lewis, President of KorTerra ¶15.

The Plaintiff, irth Solutions, LLC. ("irth"), is a direct competitor of KorTerra.  The documents irth seeks from KorTerra include sensitive business information, which irth could use to compete with KorTerra.  Affidavit of Lewis, ¶¶14, 16, 19.  These concerns were made known to irth's counsel.  However, irth's counsel refused to narrow the scope of the subpoena, instead, inviting KorTerra's Minnesota counsel to "buy a ticket to Columbus" to ask the Court for a protective order.  Affidavit of Lewis, ¶17.  This response was inappropriate under Civ.R. 45, which directs the requesting party to take reasonable steps to <u>avoid</u> imposing undue burden and

expense on non-parties.  For reasons more fully explained below, KorTerra requests that the Court overrule irth's Motion.

**B.**     **Argument**.

       **1.**     **The subpoena is overly broad, and irth refused to narrow its scope in the least**.

The subpoena, in its first paragraph, directs KorTerra to produce "all documents" that (1) record, (2) refer to, or (3) relate to "any communications" between KorTerra and Windstream Communications, LLC ("Windstream") relating to:

- irth Solutions

- The use of irth Solutions software

- Negotiations (concerning what, is not specified)

- Requests for proposals (from whom, is not specified)

- Contracts (among whom or concerning what, is not specified)

- Notes (concerning what, is not specified)

- Memoranda (concerning what, is not specified)

- Email (between whom or concerning what, is not specified)

- Correspondence (between whom or concerning what, is not specified)

- Invoices (from or to whom, is not specified)

- Letters (between whom or concerning what, is not specified)

- Receipts (for what, is not specified)

- Payments (to or from whom, is not specified)

- Training (about what or by whom, is not specified)

- Installation (of what, is not specified)

- Going live (whether this refers to dates or other details, is not explained).

- Time tables

- <u>Or any other documents.</u>

And irth directs that all of the above apply to a time period from January 1, 2013 (two and one-half years <u>before</u> the end of the last contract between irth and Windstream) to the present. Complaint, Doc. 6 ¶41.

The second paragraph of irth's subpoena demands production of "all documents" that (1) record, (2) refer to, or (3) relate to "any communications" between KorTerra and <u>any third party</u> relating to

- irth Solutions

- The use of irth Solutions software

- Negotiations (concerning what, is not specified)

- Requests for proposals (from whom, is not specified)

- Contracts (among whom or concerning what, is not specified)

- Notes (concerning what, is not specified)

- Memoranda (concerning what, is not specified)

- Email (between whom or concerning what, is not specified)

- Correspondence (between whom or concerning what, is not specified)

- Invoices (from or to whom, is not specified)

- Letters (between whom or concerning what, is not specified)

- Receipts (for what, is not specified)

- Payments (to or from whom, is not specified)

- Training (about what or by whom, is not specified)

3

- Installation (of what, is not specified)

- Going live (whether this refers to dates or other details, is not explained).

- Time tables

- <u>Or any other documents.</u>

The third paragraph of irth's subpoena demands production of "all documents" that (1) record, (2) refer to, or (3) relate to "KorTerra's communications <u>with third parties</u>, including Windstream, relating to:

- Any ticket overages

- Any per ticket pricing

at any time from January 1, 2013 to the present.

These demands are breathtakingly broad. The third paragraph alone requires KorTerra to produce sensitive pricing information found in communications between it and literally any person in the world, and to do so for a period over four years long. The second paragraph requires production of every document or communication between KorTerra and any person in the world for a period over four years long. The first paragraph at least restricts the scope to every conceivable communication and document between KorTerra and Windstream, but even that request is overly broad. Irth made no attempt, either in preparing the subpoena or in subsequent communications with KorTerra's counsel, to tailor the subpoena to the legitimate requirements of the case.

Although under no duty whatsoever to propose an alternative to irth's improper subpoena, counsel for KorTerra proposed a modification which irth's counsel has attached to his affidavit (Doc #39-1, page 15 of 20, Page ID #255). In response, counsel for irth stated:

> We cannot possibly agree to these modifications.  Relevance is not for KorTerra to decide and cannot possibly be, nor should it be determined by our pleadings alone.  The rules allow for broad discovery and do not limit discovery to the scope of the Complaint.  We will be happy to review a draft protective order to protect any information that you believe is proprietary in nature.  Otherwise, we will expect compliance with our subpoena by March 15, 2017.

Doc. #39-1, page 16 of 20, Page ID #256.

Counsel for irth essentially admitted that it was insisting upon discovery beyond the matters set forth in the Complaint (although this is undeniable since the temporal scope of the subpoenaed documents begins years *before* Windstream ended its association with irth).  Furthermore, counsel for irth refused to make an effort to narrow its requests, instead inappropriately advising the non-party to prepare a protective order <u>and then fully comply</u> with the subpoena.  This is not the behavior required by Civil Rule 45.

### 2.    <u>Standard of review.</u>

A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26.  *Pearce v. Emmi*, Case 16-cv-11499, 2017 U.S. Dist. LEXIS 18178 *4 (E.D. Mich. Feb. 9, 2017) (citing *Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 U.S. Dist. LEXIS 84217, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008)).  Under Rule 26, parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" is evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action "more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) (other citation omitted)).  Further, the Court is required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure. *Id.* citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Echostar Communications Corp. v. The News Corporation Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998); *Concord Boat*, 169 F.R.D. at 49; Fed. R. Civ. P. 45(c)(2)(B).  As a non-party, KorTerra is "entitled to consideration regarding expense and inconvenience." Fed. R. Civ. P. 45(d)(2)(B)(ii). Demonstrating relevance is the burden of the party seeking discovery.  *Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136; *Palombaro v. Emery Fed. Credit Union*, Case No. 1:15-cv-792, 2017 U.S. Dist. LEXIS 6365 *6 (S.D.W.D. Jan. 17, 2017).

While the failure to serve written objections to a subpoena within the time specified by Rule 45 may typically constitute a waiver of such objections, it is not unusual for a Court to excuse the untimely objections and allow the third party to assert objections to the subpoena when unusual circumstances and good cause exist.  *Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136; *Concord Boat Corp.,* 169 F.R.D. at 48; *Semtek Int'l, Inc. v. Merkuriy Ltd.*, 1996 U.S. Dist. LEXIS 22444, No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996).  Courts have found unusual circumstances and good cause where, among other things,: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; and (2) the subpoenaed witness is

a non-party acting in good faith.  *Id.*  Such unusual circumstances and good cause are present here.

Moreover, as an overarching principle, the Court has broad discretion in fashioning and limiting discovery.  *State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 189832, 2013 WL 10936871, at *4 (citing *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) ("The scope of discovery is, of course, within the broad discretion of the trial court."); *Multimatic Inc. v. Faurecia Interior Sys. USA*, 358 F. App'x 643, 652 (6th Cir. 2009) ("A district court has broad discretion to deny unduly broad discovery requests.")).

> **3.**     **Irth has failed to explain its need for the information.**

As noted above, the burden on demonstrating relevance of the information sought lies with Plaintiff.  In its Motion to Compel, Plaintiff fails to demonstrate how the vast majority of the records requested relate to its breach of contract claim and fraud claim against Defendant Windstream Communications.

With respect to its first request, Plaintiff claims that the <u>parties</u> have established that discovery should go back to January 1, 2012.  Plaintiff does not explain how that fact alleviates the burden imposed upon KorTerra, a non-party, whose relationship with Windstream only began over two and one-half years *after* January 1, 2012.

With respect to the second request and third requests, for the same four-year period, Plaintiff seeks records from KorTerra that comprise communications between KorTerra and "any third party".  In its Motion to Compel, Plaintiff makes no effort to demonstrate how KorTerra's communications with any third party that may have involved mention of Plaintiff or its software or ticket overages or per-ticket pricing for that third party (other than Windstream) have anything to do with to Plaintiff's breach of contract and fraud claims against Windstream.  KorTerra

competes with irth on a daily basis. They are two of only a very few companies engaging in their business. Affidavit of Lewis, ¶12, 13. A great many of KorTerra's communications with third parties likely mention irth's products and how KorTerra's solutions are superior. KorTerra has many clients, but it does not categorize its records by conversations about Plaintiff. Affidavit of Lewis ¶¶19, 21. Thus, Plaintiff's requests for production of documents relating to a large number of parties over a four-year period from January 1, 2012 to the present are overbroad.

The second and third requests clearly seek confidential pricing and trade secret information (customers) from KorTerra that would have no relevance to the claims in this case. At no point has Plaintiff or its counsel explained how such information relates to its claims against Windstream.

To determine whether a burden is undue, the Court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *Pearce*, 2017 U.S. Dist. LEXIS 18178 at *5. Plaintiff has failed to demonstrate a need for the documents from KorTerra, especially with respect to the second and third requests. In balancing the need for discovery against the burden imposed on KorTerra to produce documents that do not relate to Plaintiff's claims in any manner, the Court should find that the balance weighs in favor of non-disclosure by KorTerra, a non-party.

### 4. KorTerra acted in good faith and has not waived its objections.

While Plaintiff may be correct that the initial response was 20 days after issuance of the subpoena, that is not the sole fact to be considered. Rather, KorTerra, through counsel, objected to the subpoena on at least five occasions. *See* Motion to Compel, pp. 6-8. This was not the case where KorTerra simply said "no" and did not engage in future discussions about the subpoena.

Rather, as evidenced by its own Motion to Compel, it was Plaintiff who was unyielding with respect to its obligations under Rule 45 to lessen the burden imposed upon a non-party. Rule 45(d)(1) requires the party or attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.

Although KorTerra initially responded through attorney Michael Weidner, it then retained the undersigned to represent it on this issue. The undersigned sent a letter to Plaintiff's counsel on March 8, 2017. No response was received from Plaintiff's counsel. At no point has irth offered to reduce the scope of its overly broad request in any way, making it clear that irth's true intention is to gather information to be used against KorTerra in the marketplace.

Further, Plaintiff has presented no evidence of prejudice for the mere lapse of six days between when objections were due and when objections were made. Although Plaintiff suggests that KorTerra was dilatory in hiring counsel, it has no evidence to support such assertion. In fact, the evidence presented shows otherwise. Plaintiff does not claim that the records are necessary for any scheduled deposition in the near future. Despite the fact that Plaintiff admits it was told on March 8, 2017 that no production would be made, Plaintiff waited almost three weeks to file its Motion to Compel.

5.  **This Court is not the proper venue for Plaintiff's Motion, and the subpoena seeks production in an inappropriate place**.

Civ.R. 45(c)(2) only permits a party to command production of documents within 100 miles of where the person subject to the subpoena resides, is employed, or regularly conducts business in person. As set forth in the attached Affidavit of President Don Lewis, KorTerra maintains no physical presence in Ohio, and it does not regularly conduct business here, in person. Affidavit of Lewis, ¶15. KorTerra's business is managing data and communications,

which it handles from its headquarters in Minnesota. KorTerra personnel visit Ohio only sporadically, not regularly.

Civ.R. 45(d)(2)(B)(i) permits a party issuing a subpoena to move the court for the district where compliance is required for an order compelling production. Compliance is not properly required in this District, thus this Court is an inappropriate place to move for an order and irth's subpoena commands production in an inappropriate place. On that basis alone, irth's motion must be overruled.

C. **Conclusion.** For the foregoing reasons, KorTerra, Inc. respectfully requests that irth Solutions, LLC.'s Motion to Compel Compliance with Subpoena be overruled.

Respectfully submitted,

**BLAUGRUND HAYNES KESSLER MEYRS & POSTALAKIS, INCORPORATED**


By: /s/ David S. Kessler
DAVID S. KESSLER (0041982)
STEPHEN P. POSTALAKIS (0063240)
300 W. Wilson Bridge Road
Suite 100
Worthington, OH 43085
(614) 764-0681
(614) 764-0774 (facsimile)
dsk@bkmplaw.com
spp@bkmplaw.com

Attorneys for KorTerra, Inc.

10

## CERTIFICATE OF SERVICE

This will certify that  on the 18th day of April, 2017, a copy of the foregoing was filed electronically with the Court's e-filing system to be distributed to all interested parties.  A copy of the foregoing was also mailed by regular U.S. Mail to:

> Thomas J. Novack
> Scott C. Walker
> Colin R. Beach
> Walker Novack Legal Group, LLC
> 5013 Pine Creek Drive
> Westerville, OH  43081
>
> And
>
> Patrick D. McCarthy
> Chilcoat Law, LLC
> 8795 Davington Drive
> Dublin, OH  43017
>
> Attorneys for Plaintiff

Respectfully submitted,

**BLAUGRUND HAYNES KESSLER MEYRS & POSTALAKIS, INCORPORATED**

By: /s/ David S. Kessler
DAVID S. KESSLER (0041982)
STEPHEN P. POSTALAKIS (0063240)
300 W. Wilson Bridge Road
Suite 100
Worthington, OH  43085
(614) 764-0681
(614) 764-0774 (facsimile)
dsk@bkmplaw.com
spp@bkmplaw.com

Attorneys for KorTerra, Inc.