IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

irth Solutions, LLC,

    Plaintiff,

v.

Windstream Communications, LLC,

    Defendant.

Case No: 2:16-cv-219

Judge Graham

Magistrate Judge Jolsen

Opinion and Order

This matter is before the court on the unopposed motion of defendant Windstream Communications, LLC to certify the court's August 2, 2017 and January 26, 2018 orders for interlocutory appeal and to stay this proceeding pending the application for an appeal. In the August 2, 2017 order, the magistrate judge found under Federal Rule of Evidence 502 that defendant waived its attorney-client privilege by twice disclosing 43 privileged documents to plaintiff's counsel. The magistrate found that Rule 502(b)'s test for waiver applied even though the parties had a clawback agreement. In the January 26, 2018 order, the court overruled defendant's objections to the magistrate judge's order and adopted the magistrate's reasoning and opinion regarding the waiver issue.

I.

The question that defendant proposes for certification on appeal is this: what is the legal standard for determining whether a clawback agreement displaces the test under Rule 502(b) for evaluating if an inadvertent disclosure of privileged documents constitutes waiver of the attorney-client privilege? Defendant has argued that a clawback agreement, no matter how cursory, always prevails, such that an inadvertent disclosure does not waive the privilege. The court has found that the parties' clawback agreement does not displace Rule 502(b)'s test for waiver because it is cursory and does not reflect an agreement to forgo meaningful pre-production privilege review.

A district court may certify an order for interlocutory appeal when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). Generally, requests under § 1292(b) are "granted sparingly." Id.

The court finds that the August 2, 2017 and January 26, 2018 orders involve a controlling question of law. The validity and content of the parties' clawback agreement is not disputed, and construction of Rule 502 is an issue of law. Further, the question of whether a clawback agreement displaces Rule 502(b)'s standard is controlling. "A legal issue is controlling if it could materially affect the outcome of the case." In re City of Memphis, 293 F.3d 345, 351 (6th Cir. 2002) (citing In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co., 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)). Resolution of the question here will determine whether the attorney-client privilege has been waived and if the 43 documents are produced. Production of these documents is likely to affect the course of the litigation, both practically and on the legal merits. In particular, plaintiff's counsel strongly believes that the documents "confirm not only the breach of contract allegations" but also support plaintiff's claim of fraud. (Doc. 48 at p. 2). See Henriquez-Disla v. Allstate Prop. & Cas. Ins. Co., No. CIV.A. 13-284, 2014 WL 3887750, at *5 (E.D. Pa. Aug. 7, 2014) (certifying order for interlocutory appeal because "disclosure of allegedly privileged information is serious to the conduct of the litigation. If the case proceeded in the ordinary course and post-trial Allstate succeeded in challenging this court's pretrial ruling, a second trial could be required and privileged information would have been improperly revealed. Saving judicial time and the resources of the litigants have been recognized as relevant factors in the analysis."); Coleman v. Sterling, No. 09-CV-1594 W, 2012 WL 12952831, at *3 (S.D. Cal. Feb. 21, 2012) (holding that an order compelling discovery of privileged communications presented a controlling issue of law because of the difficulty of undoing the "persisting prejudice that may result from an erroneous privilege ruling"); Cf. Bittaker v. Woodford, 331 F.3d 715, 717-18 (9th Cir. 2003) (in a habeas case, holding that an order regarding use of privileged materials was reviewable as a collateral order "because significant strategic decisions turn on" the waiver issue and "review after final judgment may therefore come too late").

The court's orders also involve a question for which there is substantial ground for difference of opinion. Substantial grounds for a difference of opinion exist when: "(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC, 845 F.Supp.2d 858, 866 (S.D. Ohio 2012); In re Regions Morgan Keegan ERISA Litig., 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010); Eagan v. CSX Transp., Inc., 294 F.Supp.2d 911, 916 (E.D. Mich. 2003). This case fits within the first and third categories. A significant portion of the magistrate judge's order is

2

devoted to reviewing the separate and conflicting approaches that federal courts across the circuits have taken as to the effect of clawback agreements under Rule 502. The magistrate's order was, to this court's knowledge, the first judicial opinion on the matter from within the Sixth Circuit. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110-11 (2009) (stating that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege" but that the "preconditions for § 1292(b) review . . . are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases").

Finally, an interlocutory appeal would materially advance the litigation. "An interlocutory appeal materially advances the litigation when it 'save[s] judicial resources and litigant expense.'" Newsome v. Young Supply Co., 873 F.Supp.2d 872, 878 (E.D. Mich. 2012) (quoting West Tenn. Chapter of Associated Builders and Contractors, Inc. v. City of Memphis, 138 F.Supp.2d 1015, 1026 (W.D. Tenn. 2000)); accord Tri Cnty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC, No. 2:13-cv-317, 2015 WL 631092, at *7 (S.D. Ohio Feb. 12, 2015). An appeal will not materially advance the litigation when "a case is nearing trial and large expenditures have already been made," West Tenn., 138 F.Supp.2d at 1026, or when "the litigation will be conducted in substantially the same manner regardless of the decision on appeal," City of Dearborn v. Comcast of Michigan III, Inc., No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008). Here, the case is in the discovery phase and, as noted above, a ruling on whether the documents are privileged is likely to alter the course of litigation on the merits.

II.

An application for interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

Defendant argues that this action should be stayed pending the application for interlocutory appeal, and defendant cites cases in which district courts routinely grant stays upon finding that certification is appropriate. See e.g., Adams v. Bradshaw, No. 1:05-cv-1886, 2010 WL 816532, at *3 (N.D. Ohio Mar. 4, 2010).

Plaintiff has not opposed the motion to stay. Because a ruling on appeal regarding attorney-client privilege could significantly impact the course of discovery and this litigation, the court grants the motion to stay the case pending defendant's application for interlocutory appeal.

3

III.

Accordingly, the court grants defendant's motion to certify (doc. 68) the court's August 2, 2017 and January 26, 2018 orders for interlocutory appeal under 28 U.S.C. § 1292(b). This case is hereby stayed.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: April 19, 2018